# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-1356V
Filed: September 22, 2017
UNPUBLISHED

| | |
|---|---|
| DEBRA JOHNSON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Ruling on Entitlement; Uncontested; Causation-In-Fact; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Verne E. Paradie, Jr., Paradie, Sherman, et al., Lewiston, ME, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

### RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

      On October 18, 2016, Debra Johnson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to her on November 16, 2015.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

      On September 22, 2017, respondent filed his Rule 4(c) report in which he states that he does not contest that petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, respondent states "the evidence shows that petitioner more likely than note suffered GBS following the administration of

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

a season flu vaccine, and that the onset occurred within the time period specified in the Table.  Recognizing that petitioner may re-file this petition and be afforded a presumption of causation under the revised Table, respondent will not contest entitlement in this case  *Id.* at 3.  Respondent states, however, that the newly revised "Vaccine Injury Table requires that a person claiming that a flu vaccination caused GBS establish under the Qualifications and Aids to Interpretation ("QAI") the presence of "[b]ilateral flaccid limb weakness."  *Id. (internal citations omitted).*  In the current case, respondent notes that "sensory deficient were petitioner's primary symptomology, and she does not appear to have had flaccid limb weakness."  *Id*.  Nonetheless, respondent states that the record does not support a diagnosis alternative to GBS by preponderant evidence.

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master