# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1356V
Filed: November 20, 2018
UNPUBLISHED

|  |  |
|---|---|
| DEBRA JOHNSON,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Special Processing Unit (SPU);<br>Attorney's Fees and Costs |

*Verne E. Paradie, Jr., Paradie, Sherman, et al., Lewiston, ME,* for petitioner.
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 18, 2016, Debra Johnson ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to her on November 16, 2015.  Petition at 1.  On July 20, 2018, the undersigned issued a decision awarding compensation in the amount of $180,000.00.  ECF No. 47.

On August 16, 2018, petitioner filed a motion for attorney's fees and costs.  ECF No. 56.  Petitioner requests attorney's fees in the amount of $16,120.00 and attorney's costs in the amount of $1,285.15.  ECF No. at 56-1 at 4.  Additionally, in accordance with General Order #9, petitioner's counsel represented that petitioner incurred $462.34

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

in out-of-pocket expenses. ECF No. 56 at 1. Thus, the total amount requested is $17,864.49.

On August 8, 2018, respondent filed a response to petitioner's motion.[3] ECF No. 54. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

### I. Reasonable Attorney Fees

The Federal Circuit endorses the lodestar approach to determine reasonable attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under the lodestar approach, a court makes "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). After this initial calculation, the court "may then make an upward or downward departure to the fee award based on other specific findings." *Id.* at 1348.

The reasonableness standard applies both to attorneys' fees and costs. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 315 (2008). The application must provide sufficient detail and explanation of the time billed so that a special master may adjudge the reasonableness of the amount requested. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 27, 2009). It is the petitioner who bears the burden of adequately documenting the fees and costs. *Rodriguez*, 2009 WL 2568468, at *8.

---

[3] Petitioner originally filed her Motion for Attorney's Fees and Costs on August 8, 2018. ECF No. 51. On August 16, 2018, petitioner filed a Motion to Strike the Motion for Attorney's Fees and Costs in order to refile the motion with supporting documentation. ECF No. 54. The Motion to Strike was granted on August 16, 2018. ECF No.55. Petitioner re-filed her Motion for Attorney's Fees and Costs the same day. ECF No. 56. By email correspondence on September 5, 2018, respondent informed the undersigned he maintains the position set forth in the response filed on August 8, 2018. *See Informal Remark.*

Special masters need not conduct a line-by-line evaluation of a petitioner's fee application to determine a reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Sevs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993); *Nelson v. Sec'y of Health & Human Servs.*, No. 14-70V, 2015 WL 9302973 at *2 (Fed. Cl. Spec. Mstr. Nov. 30, 2015) ("It is within the special master's discretion to reduce the number of hours by a percentage of the amount charged, rather than making a line-by-line determination regarding the reasonableness of the charges"). Special masters have discretion to discern whether any of the requested hours are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (internal quotations and citations omitted). In contemplating reductions, special masters have the latitude to "consider their prior experience in reviewing fee applications and even dealings with the specific attorney involved." *Savin*, 85 Fed. Cl. at 315. It is further within the purview of special masters to reduce a fee request *sua sponte*, apart from or in the absence of respondent's objections, and without providing petitioner notice or opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009); *Estate of Bondi by Shoemaker v. Sec'y of Health & Human Servs.*, No. 12-476V, 2017 WL 1046526 at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2017).

## II.  Hourly Rates

### A.  Verne E. Paradie, Jr.

Petitioner requests compensation for attorney Verne E. Paradie, Jr. at the rate of $350 per hour[4] for work performed from 2016 – 2018. (ECF No. 56-1). In prior cases in the Vaccine Program, Mr. Paradie billed at the hourly rate of $300 for work performed in 2016 and 2017. *See Mondello v. Sec'y of Health & Human Servs.,* No. 15-0972V, 2018 WL 1834189, (Fed. Cl. Spec. Mstr. Mar. 20, 2018) and *Caron v. Sec'y of Health & Human Servs.,* No. 15-0777V, 2018 WL 2772496, (Fed. Cl. Spec. Mstr. May 7, 2018). Mr. Paradie has failed to provide an affidavit supporting the reasons for an increase in his hourly rate from $300 to $350 per hour. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program, Section X: Attorneys' Fees and Costs, Chapter 3 (B)(1)(a)-(c). Because there is an inadequate basis for the increased rate, the undersigned reduces Mr. Paradie's rate to that of $300 per hour as previously awarded. Therefore, the request for attorney's fees is **reduced by $2,250.00**.[5]

## III.  Travel Time

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's

---

[4] Mr. Paradie's hourly rate was not listed in the billing records or in a supporting affidavit. His rate was calculated from the billing invoices submitted.

[5] This amount consists of $350 - $300 = $50 x 45 hrs = $2,250.00.

3

hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* Mr. Paradie billed seven hours for travel from Portland, Maine to Washington D.C. to attend the February 2018 hearing. (ECF No. 56-1 at 3). For the reasons stated above, the hours billed as travel will be reduced by 50 percent. **This reduces the request for attorney's fees in the amount of $1,050.00**.[6]

### IV. Costs

Petitioner requests reimbursement for costs incurred by Mr. Paradie in the amount of $1,285.15. ECF No. 56-1 at 4. After reviewing the billing invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

The amount of $462.34 personally incurred by the petitioner is found to be reasonable and will be paid in full.

### V. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Petitioner's motion for attorney's fees and costs is **GRANTED IN PART** as follows:

**Attorney's Fees:**

| | |
|---|---|
| Total Requested: | $16,120.00 |
| Less Rate Adjustment for Verne E. Paradie, Jr.: | ($2,250.00) |
| Less Travel Time: | ($1,050.00) |
| Total Attorney's Fees: | $12,820.00 |

**Attorney's Costs:**

| | |
|---|---|
| Total Requested: | $ 1,285.15 |
| Total Attorney's Costs: | $ 1,285.15 |

---

[6] This amount consists of the already reduced rate of $300 x 7 = $2,100 / 2 = $1,050.00.

4

|  |  |
|---|---|
| Petitioner's Costs Awarded: | $ 462.34 |
| **Total Fees and Costs Awarded:** | **$ 14,567.49** |

**Accordingly, the undersigned awards the total of $14,567.49[7] as follows:**

- **A lump sum of $14,105.15 , representing reimbursement for attorney's fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Verne E. Paradie, Jr.; and**

- **A lump sum of $462.34, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.